Matthias, J.
The question here considered is presented by demurrer of the plaintiff to the answer and cross-petition of one of the defendants, Nannie Hawkins, formerly Owens. The former husband of said answering defendant, John W. Owens, died March 25th, 1894, without issue. His will was probated and his said widow elected to take thereunder. By the terms of this will said widow was given one-fifth of a tract of land described, which it is conceded was an undivided interest, also all. moneys, notes and stock and household furniture belonging to testator at his decease. At the time of his decease said John W. Owens was the owner of an undivided interest in another tract of land of which partition is now sought, and of this tract said Nannie Hawkins, formerly Owens, claims as widow of said John W. Owens to be entitled to the life estate in the undivided one-seventh which said John W. Owens inherited from his father, and claims that she has a title in fee to the three-forty-seconds part of said land which her husband held by purchase at the time of his decease.
The question then we are called upon to determine, is whether the election of said widow to take under the will precludes her *125 inheritance under the statute of descent and distribution of lands as to which her husband died intestate and to which no reference was made in his will.
Notwithstanding a number of eases have been cited by diligent counsel we find none of them involve the question we are here called upon to decide, and hence we are in no danger of accusation of an attempt to overrule our superiors in this instance.
The sections of the statute governing election of the widow and the effect of her action are 10566, et seq., of the General Code. The widow is required to “appear and elect whether to take such provision or to be endowed of the lands of the deceased consort and take the distributive share of the personal estate.” It is further provided (Section 10569) that “nó widower shall be entitled both to dower and the provisions of the will in her or his favor, unless it plainly shows that such provision was intended to be in addition to dower and a distributive share of the estate.” It is further provided (Section 10572):
“If the widow or widower elects to take under the will, she or he shall be thereby barred of doweT in-such share of personalty, and shall take under the will alone unless as provided in section ten thousand five hundred and sixty-nine.”
Some of the eases cited by counsel for our consideration are Corry v. Lamb, 45 O. S., 203; Swihart v. Swihart, 7 C. C., 338; Bane v. Wick, 14 O. S., 505; Carder v. County Commissioners, 16 O. S., 353, and In re McDonald, 2 Nisi Prius, 232.
In the case of Corry v. Lamb, it was held that a widow electing to take the provisions made for her by the will of her husband will be barred of dower in land of which he was seized during coverture, and which was sold and conveyed on foreclosure of a mortgage executed by him in which she did not join, unless it plainly appears that she should have such provision in addition to her dower. Our own circuit court in the case of Swihart v. Swihart, 7 C. C., 338, applied this decision to the facts before it and held that a widow is not entitled to dower in the real estate of her deceased husband of which he died intestate, after she had elected to take under the will of her husband. If *126 the case we are considering were one involving the question of dower, this decision would seem binding and conclusive.
However, we incline to agree with Judge Rockel in his criticism of this decision expressed in 2 Nisi Prius, 232, and also with his conclusion that where a widow elects to take under the will of her deceased husband, she is not barred of dower in lands not disposed of by will, unless the will expressly states that the provision made therein for the widow shall be in lieu of her dower right in such undevised lands. The decision of the circuit court was based upon that .of the Supreme Court in the ease of Corry v. Lamb, notwithstanding the fact that in the latter case the husband did not die intestate as to any of his property. In the Swihart ease the facts show that a portion of the lands were not disposed of by will. In the opinion since expressed by the judge who delivered the opinion in the Corry-Lamb .case that was such a difference as to require a holding just the reverse of that announced by our circuit court. This appears on page 233 of 2 N. P.
In the opinion of Judge Dickman, election of the widow did not bar her right of dower in land of which the husband died intestate, the reason apparently being that in such matter the Legislature had attempted to deal only with testamentary property.
•But whichever view be taken of the question considered‘in those cases need give little concern in the disposition of the issue here made. The statute upon which plaintiff relies has to do only with the barring of dower as a result of the election of the widow to take under the will. The interest claimed by the, widow in the land in question here is not that of dower, but an estate coming to; her under the statute of descent and distribution. Under the terms of the statute invoked the defendant by her election surrendered only her dower and her distributive share of the personalty. She was not called upon to elect as between the provisions of the will and something not mentioned therein, and which could not be considered a factor in the election. Under the statute she can not have both dower and the .provisions of the will in her favor, and therefore if she take the provisions'of the will she loses only her dower. It is provided *127 by Section 10570 that “On application by a widow or widower to take under the will the court shall explain its provisions, the rights under it, and by law in the event of a refusal to take under the will.” The court advises as to her rights as widow and not otherwise. He could not advise her as to property not mentioned in the will and of which he knows nothing, and possibly of which she does not then know. Only the testamentary property is then under consideration and that only need be considered. ’
It is held in Carder v. County Commissioners, 16 O. S., 353, that:
“The widow’s election to take under a will does not estop her from setting up her right as heir to the estate, or from contesting the will, and controverting the validity of devises thereunder; and it is not the duty of the probate judge to advise her of her rights as such heir at the time of her election.”
It is held in Bane v. Wick, 14 O. S., 505, that election by a widow to take under a will does not bar her right, to her distributive share of the personal estate not disposed of by will. It is said by the court on page 508:
“The intention of the testator has no efficacy, and can be regarded only so far as it is apparent in the dispositions made by his will. If he has left property undisposed of, its disposition is not governed by his will, but by another rule, having its origin in another source, in the application of which the intent of the testator can have no influence. This rule operates in the same manner, as if the deceased had left no other property, and made no will. As to the devised property he is a testator; as to that-not so disposed of, an intestate. Crane v. Doty, 1 Ohio St. Rep., 282; Needles v. Needles, 7 Ohio St. Rep., 432; Nickerson, Adm’r, v. Bowley, Ex’r, 8 Met., 424."
But it is urged that the defendant can not take this property under the statute of descent and distribution because the husband did not die intestate. But as to the property in question he did die intestate. This statute is one dealing with property, and if it is intestate property it passes in the manner marked out thereby. If testamentary disposition is made thereof that property is withdrawn from the operation of the statute; but property *128 not included in the will is subject to the operation of the statute regulating the descent of intestate property.
Neither does this case come within the decision in Hibbs v. Insurance Company, 40 O. S., 543, and other like cases there cited. In those cases it is held that the widow is bound by her election even where the testator attempts to dispose of property to which she had title, but in those all the property is mentioned; attention is directed thereto and in effect the testator-says “If you take this you must permit, that to go as herein directed. ’ ’ The widow receives a stated consideration for the surrender, there is a “quid pro quo.” As well remarked by Mcllvaine, J., in Bowen v. Bowen, 34 O. S., 164:
“Whether or not any other interest or claim which a widow may have in or against the estate of her husband, is satisfied by provisions in her favor in his will, must be determined not- by the rule of the statute, but upon principle of reason and right which exists entirely independent of statute.”
There is no provision of statute then precluding the claim which the widow of Owens here makes; the statute relied upon has no application and there is no statute that does apply but that of descent and distribution. No facts are pleaded that show her contention inequitable, but rather the contrary. She is the owner of the life estate in the property which came to her husband by descent and the owner in fee simple of the part purchased by him and she has not estopped herself from effectively setting up her claim, thereto.
The demurrer is overruled.